that although the covenants may be considered in construing a deed they do not control the premises or granting clause. Farmers Bond & Mortgage Co. v. Walker, 207 Iowa 696, 699, 223 N. W. 497, 498. We need not consider the suggestion in Weber v. Nedin, supra, and Finch v. Haynes, supra, that the use of the term "their heirs" is not inconsistent with the creation of an estate in joint tenancy.

We conclude the language in the granting clause of the deed, "or the survivor of either," is sufficient to clearly manifest an intention to create an estate in joint tenancy with survivorship incident thereto. It follows that upon the death of Grant Wayman no title to the realty passed to his heirs. Instead the title vested absolutely in Lena Wayman under the deed, and subsequently in appellees as devisees under her will. This was the conclusion of the trial court. The decree is affirmed.—Affirmed.

All JUSTICES. concur.

INDEPENDENT CONSOLIDATED SCHOOL DISTRICT OF DOW CITY, Plaintiff, Appellee, v. CRAWFORD COUNTY TRUST AND SAVINGS BANK, Defendant, Appellant; H. E. QUALHEIM, Defendant, Appellee.

CRAWFORD COUNTY TRUST AND SAVINGS BANK, Cross-petitioner, Appellant, v. GAULDING MOTOR COMPANY et al., Defendants, Appellees; CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY, Defendant.

No. 45203.